**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RECEIVED
AUG 21 2026
PRO SE OFFICE

Marla Brown,
**Plaintiff**,

v.

Capital One Financial Corporation, N.A.,
**Defendant**,

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER RELIEF

Civil Action No.: 26-cv-5148

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER RELIEF (JURY TRIAL DEMANDED)

## I. NATURE OF THE ACTION

1. This action arises from a consumer credit transaction between Plaintiff Marla Brown ("Plaintiff") and Defendant Capital One Financial Corporation, N.A. ("Capital One"), in which Capital One asserted the existence of a legally enforceable consumer obligation while refusing to provide transparent accounting, material disclosures, or substantiation sufficient to establish that any such obligation exists as a matter of law.
2. Plaintiff does not merely dispute the accuracy of reported information. Plaintiff challenges the legal sufficiency, disclosure, accounting, and enforceability of the alleged obligation itself, including whether the transaction involved valid consideration, mutuality of obligation, and good-faith performance.
3. Plaintiff alleges that Capital One structured the consumer credit transaction so that Plaintiff's alleged promise to repay was fixed, enforceable, and continuously reported, while Capital One's own performance, if any was discretionary, conditional, and terminable at will. Plaintiff alleges that such a structure raises substantial questions under basic principles of contract law, including whether Capital One's alleged promise constitutes an illusory promise under Restatement (Second) of Contracts §77.
4. Plaintiff further alleges that Capital One has engaged in inaccurate and misleading credit reporting by furnishing information to consumer reporting agencies without the ability or willingness to demonstrate the existence, ownership, accounting, or enforceability of the alleged obligation, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.
5. Plaintiff further alleges that Capital One has engaged in inaccurate and misleading credit reporting by furnishing information to consumer reporting agencies without the ability or willingness to demonstrate the existence, ownership, accounting, or

REC'D IN PRO SE OFFICE
AUG 21 '26 PM12:08

enforceability of the alleged obligation, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

6. Plaintiff seeks declaratory relief, injunctive relief, statutory damages, actual damages, and all other relief necessary to correct the record, compel accounting, and prevent ongoing and future harm.

## II. JURISDICTION AND VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in this District, the consumer credit transaction was directed to Plaintiff in this District, the injury was suffered in this District, and Capital One regularly conducts business in this District.
8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law, including the FCRA 15 U.S.C. §1681p and the Truth In Lending Act (TILA).

## III. PARTIES

9. Plaintiff, Marla Brown, a living people, residing in New York, acting sui juris, and is the consumer involved in the credit transactions at issue.
10. Defendant, Capital One Financial Corporation, N.A., a national banking and financial services corporation headquartered at 1680 Capital One Drive, McLean, VA 22102-3491 and at all relevant times acted as an alleged creditor, beneficiary of Plaintiff's accounts, furnisher of information, and servicer within the meaning of the FCRA and TILA.

## IV. FACTUAL ALLEGATIONS

The consumer credit transactions at issue include, but are not limited to:

- Capital One QuicksilverOne Credit Account, ending in 8733
- Capital One Checking Account: [Number Redacted]
- Closed, Capital One Savings Account: [Number Redacted]
- Capital One Auto Loan Applications: 247935230 & 29148454

11. Plaintiff entered into one or more consumer credit transactions with Capital One, including a revolving consumer credit account commonly identified as a Capital One QuicksilverOne account ending in 8733, as well as related deposit and application activity.
12. Through Plaintiff's participation in the above referenced consumer credit transactions, Capital One represented and reported the existence of balances, receivables, and repayment obligations allegedly owed by Plaintiff, without providing accounting or disclosure sufficient to establish their legal enforceability.

pc

13. Capital One collapsed the legal distinction between a promise to pay and a legally enforceable obligation, reporting the former as the latter without substantiating the existence of any enforceable duty.
14. Capital One has failed to identify or disclose any transfer of value to Plaintiff in exchange for Plaintiff's alleged promise to pay, and instead relies solely on the operation of internal accounting, reporting, and collection systems, which benefit Capital One and do not supply the mutual or reciprocal consideration necessary to support an enforceable obligation.
15. Plaintiff repeatedly requested clarification and accounting regarding the nature of the alleged obligation, including but not limited to:
    a. How the alleged balance was created;
    b. Whether any receivable was retained, transferred, or monetized;
    c. Whether Capital One presently owns any enforceable interest in the alleged obligation;
    d. How Plaintiff's payments and performance were applied.
16. Capital One failed and refused to provide a complete accounting or transparent explanation sufficient to verify the existence of a legally enforceable obligation.
17. Absent proof of reciprocal consideration and lawful accounting, Capital One's continued assertion that a balance is owed constitutes a material misrepresentation of legal obligation rather than the enforcement of a valid debt. Without such accounting and disclosure, Capital One cannot lawfully assert that any balance is owed as a matter of law.
18. Capital One's purported consideration within the consumer credit transaction was conditional and discretionary in nature, such that Capital One retained the unilateral ability to withhold performance, terminate the account, or refuse continued extension of credit, while Plaintiff's alleged promise to pay was treated as fixed and enforceable.
19. Capital One's gratuitously retained discretion, including the termination of the account, refusing continued performance, and continue assertion and reporting alleged balances following termination, raises substantial questions as to whether Capital One's consideration constituted a real commitment or merely a conditional or optional undertaking.
20. Under Restatement Second of Contracts §77, a promise may be illusory where performance is optional or entirely within the promisor's control. Plaintiff alleges that the structure of the transaction, as implemented, lacked mutuality of obligation and failed to provide reciprocal, enforceable commitments sufficient to support enforcement of the alleged obligation.
21. Plaintiff does not ask this Court to presume facts not in evidence, but instead seeks a determination, based on discovery and proof, as to whether Capital One can demonstrate that its alleged promises were not illusory and that valid consideration exists to support the obligation it asserts.
22. On or about June 12, 2025, Capital One unilaterally closed the Plaintiff's credit account, citing Plaintiff's requests for clarification and inquiry into the nature of the transaction as outside what it characterized as typical consumer inquiries.

q◂

23. Following account closure, Capital One continued to assess interest and fees, furnish information concerning the alleged obligation to consumer reporting agencies, and represent the obligation as valid and enforceable.
24. Defendant continued to report and assert an alleged obligation following account termination, without providing accounting, disclosure, or substantiation of enforceability. These actions were taken without legal or equitable justification. Constituting misrepresentation, inaccurate reporting, and bad faith conduct rendering the information furnished inaccurate and misleading.
25. Capital One furnished information concerning Plaintiff to consumer reporting agencies.
26. Plaintiff alleges that the information furnished by the defendant is inaccurate and misleading because the defendant, Capital One, failed to substantiate the existence, ownership, accounting, and enforceability of the alleged obligation.
27. As a direct result of Defendant's conduct, Plaintiff suffered:
    - A credit score reduction of approximately 265 points;
    - Denial or unfavorable terms for personal, family, and household needs;
    - Emotional distress, reputational harm, and anxiety;
    - Financial losses including mailing, document preparation, and credit monitoring costs.
28. Capital One's furnishing of such information created the false impression of a valid and legally enforceable debt despite unresolved questions concerning consideration, disclosure, and enforceability.
29. Capital One received notice of dispute from one or more consumer reporting agencies pursuant to 15 U.S.C. §1681i(a), thereby triggering its duties under 15 U.S.C. §1681s-2(b).
30. Capital One failed to disclose material terms of the consumer credit transaction, including the nature of the obligation asserted, the conditions under which performance could be withheld or terminated, and the basis upon which balances were calculated and assessed.
31. Plaintiff alleges that such failures deprived her of meaningful disclosure required by the Truth in Lending Act and frustrated TILA's purpose of enabling informed use of credit.
32. An actual and justiciable controversy exists as to whether Capital One may lawfully assert and report a legally enforceable obligation against Plaintiff.
33. Plaintiff seeks declaratory relief that Capital One's assertions and reporting are inaccurate and misleading absent proof of enforceability, and injunctive relief requiring correction of records and cessation of further reporting unless and until such proof is produced.
34. Plaintiff retains equitable interest and beneficial ownership of all value originating from her performance in the above referenced consumer credit transactions.
35. Capital One's conduct in furnishing information, assessing fees, and terminating Plaintiff's account(s) without substantiation or disclosure materially impaired Plaintiff's financial standing and procedural rights. Plaintiff seeks equitable and injunctive relief to halt further harm and require corrective action.

## V. CLAIMS FOR RELIEF

### COUNT I – Willful Violation of the Fair Credit Reporting Act (15 U.S.C. §1681n)

36. Plaintiff incorporates by reference all preceding paragraphs.
37. Defendant, Capital One, willfully furnished information to consumer reporting agencies concerning Plaintiff that was inaccurate, misleading, and unsubstantiated, in violation of 15 U.S.C. §1681e(b) & §1681i.
38. Capital One willfully failed to conduct reasonable investigations into the accuracy, accounting, and legal sufficiency of the information furnished, despite knowledge of Plaintiff's consumer credit transactions and equitable contributions.
39. Capital One acted with reckless disregard for Plaintiff's rights under the FCRA, including her right to accurate and substantiated reporting. These violations caused statutory, actual, and irreparable harm, as well as financial and emotional injury.

### COUNT II – Negligent Violation of FCRA (15 U.S.C. §1681o)

40. Plaintiff incorporates by reference all preceding paragraphs.
41. In the alternative, Capital One negligently failed to comply with its duties under the FCRA, including its obligation to verify, investigate, and correct reporting, causing actual economic and reputational damages to Plaintiff.

### COUNT III – Violation of TILA (15 U.S.C. §1601 et seq.)

42. Plaintiff incorporates by reference all preceding paragraphs.
43. Capital One's continued failure to disclose material facts of the consumer credit transaction(s), including the nature and enforceability of any alleged obligation, the treatment of account receivables, and the economic reality of Plaintiff's contribution to the transaction.
44. By failing to disclose material terms of the consumer credit transaction, including securitization practices and accounting of Plaintiff's contributed value, Defendant deprived Plaintiff of meaningful information necessary to make informed decisions, causing economic and reputational harm in violation of the purposes of TILA.

### COUNT IV – Contract Law/ Valuable Consideration

45. Plaintiff's alleges her contributions constitute actual value; Capital One's promises and account ledger entries are illusory and nonreciprocal.
46. Defendant received the benefit of Plaintiff's performance without giving measurable or enforceable value in return, failing to satisfy the requirements of legally binding consideration (Restatement §71).
47. Plaintiff suffered harm due to this gratuitous contractual relationship, including misappropriation of value and procedural misrepresentation.

### COUNT V – Equitable Relief / Economic Exploitation

48. Defendant's conduct constitutes coercive extraction of value, economic exploitation, and misrepresentation of rights.
49. Plaintiff seeks:
    - Declaratory judgment of rights;
    - Permanent injunction requiring correction of records, cessation of adverse reporting, and full accounting of value, transfers, and beneficiaries;
    - Recognition of Plaintiff's equitable interest in all accounts.

## VI. DAMAGES AND RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

- Declare that Capital One's reporting and assertions of any alleged obligation are inaccurate, misleading, and unenforceable absent substantiation and accounting;
- Enjoin Capital One from furnishing such inaccurate or misleading information to any consumer reporting agency;
- Compel full accounting, disclosure, and documentation of any claimed obligations, balances, or benefits retained by Capital One;
- Award statutory damages under FCRA;
- Award actual damages for economic, reputational & financial harm, including emotional harm;
- Award punitive damages for willful misconduct;
- Award attorney's fees, costs, and expenses;
- Grant such further relief as the Court deems just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
/s/ Marla Brown
Sui Juris
All Rights Reserved – UCC 1-308
Marla Brown, UCC-1308

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

9589 0710 5270 2323 2135 46

USA FOREVER

USMS

U.S.D.C., E.D.N.Y.
Pro SE Dept.
225 Cadam Plaza E.
Brooklyn, NY 11201

FILED
IN CLE[illegible]
U.S. DISTR[illegible] .Y.
★ AUG 21 2026 ★
BROOKLYN OFFICE